**COMMONWEALTH of Pennsylvania**

v.

**Johnnie CAIN, Appellant.**

Superior Court of Pennsylvania.

Submitted March 20, 2006.

Filed Aug. 23, 2006.

Jeffry S. Pearson, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: JOYCE, PANELLA and KELLY, JJ.

OPINION BY PANELLA, J.:

¶ 1 Appellant, Johnnie Cain, appeals from the judgment of sentence entered on April 28, 2005, by the Honorable Amanda Cooperman, Court of Common Pleas of Philadelphia County. After careful review, we affirm.

¶ 2 On September 12, 2003, Cain was arrested and charged with multiple counts of robbery,[1] aggravated assault,[2] simple assault,[3] recklessly endangering another person,[4] possession of an instrument of crime,[5] and violating the Uniform Firearms Act,[6] all stemming from an incident at the Gold Coast bar on July 21, 2003. On March 11, 2005, following a jury trial, Cain was convicted of five counts of reckless endangerment and one count of possession of an instrument of crime. Thereafter, on April 28, 2005, the trial court sentenced Cain to an aggregate term of imprisonment of not less than six years to not more than twelve years. This timely appeal followed.

¶ 3 On appeal, Cain raises the following issues for our review:

1. Whether the trial court erred in proceeding to try appellant in violation of his right to a speedy trial, as expressed in Pa.R.Crim.P. 600?

. . .

2. Whether the evidence was insufficient to support appellant's guilt upon the charges of recklessly endangering another person and possession of an instrument of crime?

. . .

3. Whether the trial court abused its discretion in imposing consecutive maximum sentences against appellant for the offense of recklessly endangering another person and in incorrectly calculating the sentencing

---

1. 18 Pa. Cons.Stat. Ann. § 3901.

2. 18 Pa. Cons.Stat. Ann. § 2702.

3. 18 Pa. Cons.Stat. Ann. § 2701.

4. 18 Pa. Cons.Stat. Ann. § 2705.

5. 18 Pa. Cons.Stat. Ann. § 907.

6. 18 Pa. Cons.Stat. Ann. § 6101 et seq.

guidelines for the offense of possession of an instrument of crime?

Appellant's Brief, at 3.

■ ¶ 4 As an initial matter, we note that Cain did not preserve his first issue by presenting it to the trial court. In contravention of our Rules of Appellate Procedure, Cain's statement of the case fails to identify how this issue was preserved in the trial court. Pa.R.A.P., Rule 2117(c), 42 Pa. Cons.Stat. Ann. Furthermore, our review of the certified record does not reveal any indication that this issue was raised before the trial court. Indeed, the trial court indicates in its statement pursuant to Pa.R.A.P., Rule 1925(a), 42 Pa. Cons.Stat. Ann., that this issue was not raised before the trial court. Trial Court Opinion, 9/25/2005, at 5, fn. 3. Additionally, our appellate rules indicate that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P., Rule 302, 42 Pa. Cons.Stat. Ann. Accordingly, we are constrained to find that Cain's first issue raised on appeal is waived.

■ ¶ 5 Cain's second issue challenges the sufficiency of the evidence presented at trial to sustain his convictions. In evaluating a challenge to the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable doubt. *See Commonwealth v. Wallace,* 817 A.2d 485, 490 (Pa.Super.2002), *appeal denied,* 574 Pa. 774, 833 A.2d 143 (2003), *cert. denied,* 541 U.S. 907, 124 S.Ct. 1610, 158 L.Ed.2d 251 (2004). We may not weigh the evidence and substitute our judgment for the factfinder. *See Commonwealth v. Derr,* 841 A.2d 558, 560 (Pa.Super.2004). To sustain a conviction, however, the facts and circumstances which the Commonwealth must prove must be such that every essential element of the crime is established beyond a reasonable doubt. *See Commonwealth v. Hargrave,* 745 A.2d 20, 22 (Pa.Super.2000), *appeal denied,* 563 Pa. 683, 760 A.2d 851 (2000).

■ ¶ 6 Cain's argument is specific in nature. Rather than challenging the sufficiency of the evidence to support any of the applicable elements of reckless endangerment or possession of an instrument of crime, Cain contends that the evidence was insufficient to establish that he was in fact the person who committed the crimes:

> Here, neither of the Commonwealth's two lone [sic] eyewitnesses identified appellant as discharging a firearm on the evening in question. In fact, both witnesses positively stated that appellant was NOT involved in the shooting.

Appellant's Brief, at 10 (citations to transcript omitted). As such, we need not conduct a thorough review of the evidence to determine whether it can support a finding that all the elements of reckless endangerment and possession of an instrument of crime have been met. Rather, we will focus on the issue raised by Cain: whether the evidence was sufficient to establish that Cain was involved in the shooting at the Gold Coast bar.

¶ 7 Cain acknowledges that the Commonwealth presented evidence that Tiffany Phelps and Lionel Furman had previously picked Cain out of a photo array when questioned regarding the events of July 21, 2003. Appellant's Brief, at 10. Cain contends, however, that this evidence is insufficient as a matter of law pursuant to this Court's decision in *Commonwealth v. Grahame,* 333 Pa.Super. 224, 482 A.2d 255 (1984).

¶ 8 In *Grahame,* the defendant had been charged with participating in an armed robbery with two other men. The Commonwealth's main witness at trial was the

store clerk who had been robbed. Prior to trial, the store clerk had been able to positively identify the two other robbers, Williams and Parks, through photo arrays. However, the store clerk was unable to identify Grahame in a line-up. In fact, at the line-up, the store clerk admitted that she had not gotten a good look at the third man. Furthermore, the store clerk testified at the preliminary hearing that "[a]ll blacks look alike."

¶ 9 At trial, the store clerk positively identified Grahame as the third robber by pointing to him while he was sitting next to his co-defendant. On cross-examination, the store clerk admitted that she had not gotten a good look at the third robber. Ultimately, when the store clerk was asked if she really knew who the third robber was, she responded "[n]o." On re-direct examination, when asked if Grahame had been one of the people who had robbed her, the store clerk answered, "I don't remember."

¶ 10 Under these circumstances, this Court held that the store clerk's identification of Grahame was too tenuous to establish, beyond a reasonable doubt, that he was the third robber. Importantly, we noted that the store clerk "was unable to pick the appellant out of a line-up, whereas she identified photographs of both Williams and Parks in separate photographic arrays." *Grahame*, at 259.

¶ 11 In contrast, in the case *sub judice*, in separate photo arrays, both Phelps and Furman identified Cain as the gun-toting assailant in the Gold Coast bar. N.T., 3/9/2005, at 95–96, 104, 107–108, 163–164; N.T., 3/10/2005, at 39–41, 44–45. At Cain's preliminary hearing, both Phelps and Furman identified Cain as the man who pointed a gun at the patrons and employees of the Gold Coast bar. N.T., 3/9/2005, at 91, 98–100, 166–167. All of these prior identi-

fications were properly admitted at trial and brought to the jury's attention. N.T., 3/9/2005, at 77–87, 91, 95–100, 104, 107, 166–167; N.T., 3/10/2005, at 35–45. It was only at trial that these two witnesses exhibited uncertainty in their identification of Cain as the assailant. Clearly, the evidence at trial supporting the identification of Cain was much stronger than that presented in *Grahame*. As such, the present case is controlled by the more general rule that any uncertainty in an eyewitness's identification of a defendant is a question of the weight of the evidence, not its sufficiency. *Commonwealth v. Minnis*, 312 Pa.Super. 53, 458 A.2d 231, 233 (1983). We therefore conclude that Cain's argument that the evidence at trial was insufficient to sustain his convictions fails.

■ ¶ 12 In his final issue on appeal, Cain argues that the trial court abused its discretion in imposing sentence. In this regard, Cain makes two separate arguments. First, he contends that the trial court erred in calculating the offense gravity score during its use of the sentencing guidelines. Second, Cain argues that the trial court abused its discretion in imposing consecutive sentences for each reckless endangerment conviction.

■ ¶ 13 Cain postures these issues as challenges to the discretionary aspects of his sentence. "Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa.Super.2004) (citation omitted), *appeal denied*, 580 Pa. 695, 860 A.2d 122 (2004). In the case *sub judice*, Cain did not present any challenge to his sentence during the sentencing proceedings.[7] Further-

---

7. Interestingly, Cain's trial counsel actually

agreed with the trial court's calculation of the

more, our review of the certified record reveals no post-sentence motions. Specifically,

> the miscalculation of an offense gravity score was a waivable challenge to the discretionary aspects of the sentence. The Court came to this conclusion even though trial courts do not, of course, have the "discretion" to make patent and obvious mathematical errors that work to the detriment of criminal defendants ... Even where the court has committed such an error, the defendant must preserve the issue by raising it with the sentencing court.

*Commonwealth v. Jacobs*, 900 A.2d 368, 374 (Pa.Super.2006)(en banc) (citations omitted).

¶ 14 Accordingly, both of Cain's issues regarding the discretionary aspects of his sentence are waived. We therefore affirm Cain's judgment of sentence.

¶ 15 Judgment of sentence affirmed. Jurisdiction relinquished.

offense gravity score for the PIC charge.

N.T., 4/28/2005, at 5–6.