J-S25043-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT LEON KELLEY, JR., | : | |
| | : | |
| Appellant | : | No. 1007 MDA 2018 |

Appeal from the Judgment of Sentence Entered May 22, 2018
in the Court of Common Pleas of Cumberland County
Criminal Division at No(s):  CP-21-CR-0002512-2017

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JUNE 28, 2019**

Robert Leon Kelley, Jr. ("Kelley"), appeals from the judgment of sentence imposed following his convictions of one count of theft by unlawful taking, and three counts each of burglary and criminal trespass.[1]  We affirm.

In its Opinion, the trial court set forth the relevant factual background as follows:

> Between the late afternoon of June 17, 2016[,] and morning of June 18, 2016, a break-in of a tool shed occurred at the [Southampton Township, Cumberland County] property of … farmer, Wayne Hoover (hereinafter "Victim").  Victim identified almost $5,000.00 in tools that were missing when he reported the incident to the Pennsylvania State Police.  No physical evidence was recovered ….  However, Victim installed two game cameras inside his tool shed, [o]n the off[ ]chance that the perpetrator might return.
>
> At approximately 1:40 A.M. on June 26, 2016, the concealed [game] cameras recorded an individual inside [of] the tool shed.  His face was obscured by a mask[,] and he wore a camouflage

_____

[1] 18 Pa.C.S.A. §§ 3921(a), 3502(a)(4), 3503(a)(1)(i).

jacket. Victim testified that no one was authorized to be in the shed at that time. He also testified that approximately $1,000.00 in tools were stolen during this second break-in. On July 3, 2016[,] the same individual, wearing the same jacket and a distinctively-tattered John Deere hat[,] but no mask, returned to Victim's tool shed. Victim testified that no tools or equipment were removed on this occasion. The video recording of the break-in was published on Facebook in an attempt to locate the burglar. [Kelley's] estranged son saw the recording and told the Pennsylvania [S]tate [P]olice [that the burglar] was [Kelley].

Trial Court Opinion, 10/11/18, at 1-2 (footnotes omitted).

Pennsylvania State Police Trooper Catherine Long ("Trooper Long") interviewed Kelley regarding the burglaries. Trooper Long identified Kelley as the man in the game-camera videos, and recognized that the hat Kelley was wearing at the interview was the same John Deere hat that he had worn during the burglaries.

Following a jury trial, Kelley was convicted of the above-described offenses. The trial court sentenced Kelley to an aggregate term of 32 months to 14 years in prison. Kelley filed a timely Notice of Appeal, followed by a Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Kelley raises the following questions for our review:

I.  Did the trial [court] err as a matter of law and abuse [its] discretion in allowing the admission of a Facebook photograph over defense counsel's objection?

II. Was the evidence sufficient for [Kelley] to have been convicted of [b]urglary, [c]riminal [t]respass, and [t]heft by [u]nlawful [t]aking?

Brief for Appellant at 9.

In his first claim, Kelley alleges that the trial court erred in admitting into evidence a photograph that was downloaded from the social networking website, Facebook. *Id.* at 18-22. Kelley argues that the Commonwealth did not provide testimony to authenticate or identify the photograph, in violation of Pennsylvania Rule of Evidence 901. *Id.* at 18. Kelley states that the Commonwealth did not produce evidence showing (1) that Kelley was the man in the photograph, (2) who had posted the photograph on Facebook, or (3) from whose Facebook page the photograph was downloaded. *Id.* According to Kelley, the photograph's admission was not harmless error. *Id.* at 21-22.

> Admission of evidence is within the sound discretion of the trial court, and this Court will find the trial court abused its discretion only where it is revealed in the record that the court did not apply the law in reaching its judgment or exercised manifestly unreasonable judgment or judgment that is the result of partiality, prejudice, bias, or ill will.

*Commonwealth v. McKellick*, 24 A.3d 982, 986 (Pa. Super. 2011).

Pennsylvania Rule of Evidence 901 states, in relevant part, as follows:

**Rule 901. Authenticating or Identifying Evidence**

**(a) In General.** To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.

Pa.R.E. 901(a).

> [A]uthentication is required prior to [the] admission of evidence. The proponent of the evidence must introduce sufficient evidence that the matter is what it purports to be. Testimony of a witness with personal knowledge that a matter is what it is claimed to be can be sufficient.

*Commonwealth v. Mangel*, 181 A.3d 1154, 1158-59 (Pa. Super. 2018) (citation omitted).

Here, the Commonwealth submitted the Facebook photograph into evidence to show Kelley wearing the same tattered John Deere hat that was seen in the game-camera videos and in the interview with Trooper Long. *See* N.T., 5/7/18, at 57 (wherein the prosecutor stated that he was submitting the Facebook photograph into evidence in order to show Kelley wearing the John Deere hat). Trooper Long testified at trial that she had personal knowledge of Kelley's appearance and the unique characteristics of the John Deere hat. *See id.* at 49-51, 54-55 (wherein Trooper Long stated that she interviewed Kelley in person, and reviewed the videos taken by the game camera); *see also id.* at 55 (wherein Trooper Long testified that she recognized the hat, because "[i]t had a very distinct line, the very distinct tatter that had been in the [still] photographs [from the game-camera videos]."). Therefore, the Commonwealth established that Trooper Long was qualified to authenticate the Facebook photograph as a picture of Kelley wearing the John Deere hat. *See Mangel*, *supra*. Accordingly, this claim fails.

In his second claim, Kelley alleges that the evidence was insufficient to

identify him as the perpetrator of the above-mentioned crimes.[2]  *See* Brief for

Appellant at 23-31.  Specifically, Kelley claims that the game-camera footage

was blurry; none of the stolen items were found in Kelley's possession; and

there were no fingerprints, footprints, or tire tracks connecting him to the

crimes.  *Id.* at 24-25, 28-30.[3]

We apply the following standard of review when considering a challenge

to the sufficiency of the evidence:

> [W]hether[,] viewing all the evidence admitted at trial in the light
> most favorable to the verdict winner, there is sufficient evidence
> to enable the fact-finder to find every element of the crime beyond
> a reasonable doubt.  In applying the above test, we may not weigh
> the evidence and substitute our judgment for the fact-finder.  In
> addition, we note that the facts and circumstances established by

_____

[2]  Because Kelley's claim only challenges the sufficiency of the
Commonwealth's evidence as to his identity as the perpetrator of the crimes,
we will limit our review to this narrow issue.  *See Commonwealth v. Cain*,
906 A.2d 1242, 1244 (Pa. Super. 2006) (stating that where the appellant only
challenges the sufficiency of the evidence regarding his identity as the
perpetrator of the crime, this Court "need not conduct a thorough review of
the evidence to determine whether it can support a finding that all the
elements of [the crime] have been met.")

[3]  Kelley additionally cites evidence he produced at trial in support of his
sufficiency claim, including a purported alibi, statistical evidence showing the
number of people who travel the nearby highway, and the State Police's failure
to investigate leads regarding other potential suspects.  *See id.* at 26-28, 30.
However, this evidence goes to the weight of the evidence, not its sufficiency.
*See Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000) (stating
that sufficiency of the evidence claims are distinct from weight of the evidence
claims, as there are different standards of review as well as separate
remedies).  Because Kelley did not preserve a weight of the evidence claim
with the trial court, it is waived.  *See* Pa.R.Crim.P. 607; *Commonwealth v.
Thompson*, 93 A.3d 478, 490 (Pa. Super. 2014) (stating that "[a] weight of
the evidence claim must be preserved either in a post-sentence motion, by a
written motion before sentencing, or orally prior to sentencing.").

the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, or part or none of the evidence.

*Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation omitted).

Here, Trooper Long testified that when interviewing Kelley, she showed him a still photograph from one of the game-camera videos, and Kelley admitted that he was the person in the photograph. *Id.* at 54-55. Moreover, Trooper Long testified that Kelley attended the interview while wearing the same "John Deere tattered hat that he had worn in the commission of the crime." *Id.* at 58-59; *see also* Trial Court Opinion, 10/10/18, at 4 (stating that the game-camera "videos showed that the same person was involved in [the second and third] break-in[s] … [and t]he jury was further permitted to infer that [Kelley] entered the tool shed on the first occasion … given the similarity of all three break-ins."). Accordingly, the evidence, viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to identify Kelley as the perpetrator of the crimes.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/28/2019