J-S47036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                      :   PENNSYLVANIA
                                                      :

               v.                         :
                                                      :

EDWIN ROHNEY MOWRER,        :
                                                      :
            Appellant           :         No. 2016 MDA 2018

Appeal from the Judgment of Sentence Entered June 27, 2018
in the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0002087-2016

BEFORE: DUBOW, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:     **FILED: SEPTEMBER 20, 2019**

Edwin Rohney Mowrer ("Mowrer") appeals from the judgment of sentence imposed following his convictions of drug delivery resulting in death, possession with intent to deliver a controlled substance, and two counts of criminal conspiracy.[1] We affirm.

On August 15, 2015, Robert Marshall ("the victim") overdosed on heroin in the bathroom of his apartment. Maggie Oberholtzer ("Oberholtzer"), the victim's wife, who had been in another room watching television, discovered the victim unconscious, on the floor of the bathroom. A used syringe, a glassine baggy, and two blue, waxy wrappers were found next to the victim. On August 20, 2015, the victim passed away in the hospital. An autopsy

---

[1] 18 Pa.C.S.A. § 2506; 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. § 903.

revealed that the victim died from acute morphine toxicity, resulting from his injection of heroin.[2]

Pennsylvania State Trooper Norbert Brennan ("Trooper Brennan") led the investigation into the victim's death. As part of his investigation, Trooper Brennan interviewed Emily Hartranft ("Hartranft"). Hartranft informed Trooper Brennan that several days prior to the victim's death, she delivered heroin to the victim that she had received from Mowrer. Hartranft advised Trooper Brennan that the heroin was packaged in a blue wrapper.

Trooper Brennan subsequently interviewed Mowrer. Mowrer admitted to providing heroin to the victim on a separate occasion. Mowrer stated that, the night prior to the victim's death, he bought the victim's car in exchange for $400 in cash and a bundle of heroin.

Following a jury trial, Mowrer was found guilty of the above-mentioned offenses. The trial court sentenced Mowrer to an aggregate term of 8 to 20 years in prison. Mowrer filed a timely post-sentence Motion, challenging the sufficiency and weight of the evidence, which the trial court denied. Mowrer filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Mowrer raises the following questions for our review:

---

[2] The parties stipulated at trial to the admission of a medical expert opinion by Wayne Ross, M.D. ("Dr. Ross"). According to Dr. Ross, the human body metabolizes heroin and converts it into morphine in the blood. It was Dr. Ross's medical opinion that the presence of morphine in the blood indicated that heroin was injected into the victim's body shortly before the overdose.

     I. Whether [Mowrer's post-sentence M]otion for acquittal should be granted due to the Commonwealth's failure to present sufficient evidence at trial to prove[,] beyond a reasonable doubt[,] that [Mowrer] delivered the controlled substance that caused the overdose?

     II. Whether the jury's [verdict was] against the weight of the evidence as it pertains to establishing[,] beyond a reasonable doubt[,] that [Mowrer] delivered the controlled substance that caused the overdose?

Brief for Appellant at 4.

     In his first claim, Mowrer alleges that the evidence was insufficient to support his convictions of drug delivery resulting in death and conspiracy to commit drug delivery resulting in death. *Id.* at 9-12. Mowrer argues that the evidence was insufficient to prove that the heroin that he had delivered to the victim was same the heroin that killed him. *Id.* at 10-12. Mowrer claims that the victim could have consumed the bundle that he had provided, and then obtained heroin from another source, which caused the overdose. *Id.* at 11-12. Mowrer points out that hours before the victim overdosed, while Oberholzer and the victim were at a barber shop, Oberholzer left the barber shop to get a drink at a nearby gas station. *Id.* at 12. Mowrer argues that the victim may have used this opportunity to obtain more heroin from a

different dealer.[3]  *Id.*

We apply the following standard of review when considering a challenge

to the sufficiency of the evidence:

> [W]hether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt.  In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder.  In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence.  Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.  The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.  Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered.  Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, or part or none of the evidence.

*Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation

omitted).

Here, Hartranft testified that, two or three days prior to the victim's

overdose, she provided heroin to the victim that she had received from

---

[3]  Because Mowrer's claim only challenges the sufficiency of the Commonwealth's evidence as to whether Mowrer supplied the heroin that killed the victim, we will limit our review to this narrow issue.  *See, e.g., Commonwealth v. Cain*, 906 A.2d 1242, 1244 (Pa. Super. 2006) (stating that where the appellant only challenges the sufficiency of the evidence regarding his identity as the perpetrator of the crime, this Court "need not conduct a thorough review of the evidence to determine whether it can support a finding that all the elements of [the crime] have been met.").

Mowrer. *See* N.T., 1/24/18, at 23-24. She stated that around the same time, she had also obtained heroin from Mowrer. *Id.* at 23. The heroin she received was packaged in clear glassine baggies, with a blue, waxy wrapper inside, and a purple stamp on the outside. *See id.* (Exhibit 11 admitted into evidence).

Trooper Brennan testified that the heroin found near the victim, following his overdose, was packaged in the same way as the heroin Hartranft had received from Mowry. *Id.* at 41. He stated that it was common for packaging to vary between drug dealers. *Id.* For instance, dealers often use different style and color baggies, and different markings. *Id.*

Mowrer provided a written statement to police admitting that he had delivered 10 bags of heroin to the victim the night before the victim's overdose. *See id.* (Exhibit 10 admitted into evidence, wherein Mowrer wrote, "I[,] Edwin Mowrer[,] [b]ought a[n] Audi off of [the victim] for $400 and a bundle of [h]eroin."), 47 (wherein Trooper Brennan testified that a "bundle" of heroin consists of 10 bags); *see also id.* at 42, 43, 47 (wherein Trooper Brennan testified that when interviewing Mowry, Mowry admitted that he had given the victim heroin the night before the victim's overdose). Mowrer told Trooper Brennan that he had delivered the heroin to the victim at around 9:00 p.m. the night before the victim overdosed. *Id.* at 39.

Oberholtzer testified that she saw the victim meet with a man at around 8:00 or 9:00 p.m. the night before the victim overdosed. *Id.* at 14. According to Oberholtzer, she was with the victim from then until when he overdosed,

except for three brief occasions: (1) she left the victim for a few minutes while he was getting his hair cut at a barber shop; (2) the victim used the bathroom at the barber shop; and (3) the victim used the bathroom at their apartment, minutes before he overdosed. *Id.* at 17, 12-13, 18-19.

Given this evidence, it was reasonable for the jury to conclude that the heroin supplied by Mowrer, on either occasion, was the heroin that killed the victim. *See Melvin*, *supra*. Accordingly, when viewed in a light most favorable to the Commonwealth, the evidence was sufficient to support Mowrer's convictions of drug delivery resulting in death, and conspiracy to commit drug delivery resulting in death.

In his second claim, Mowrer challenges the weight of the evidence underlying his convictions. Brief for Appellant at 13-14. Mowrer argues that the jury placed too much emphasis on the testimony by the Commonwealth's witnesses. *Id.* at 14. In particular, Mowrer challenges the credibility of Hartranft's testimony, because she is a recovering drug addict. *Id.*

> The law pertaining to weight of the evidence claims is well-settled. The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. A new trial is not warranted because of a mere conflict in the testimony and must have a stronger foundation than a reassessment of the credibility of witnesses. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.
>
> On appeal, our purview is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock its conscience. Thus, appellate review of a weight claim consists of a review of the trial court's exercise

of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 723 (Pa. Super. 2015) (quotation marks and citations omitted).

Here, the jury, sitting as fact-finder, was free to assess the credibility of the Commonwealth's witnesses in rendering the verdict. *See Gonzalez*, *supra*. Based on the record, the jury's decision is supported by the evidence, and does not shock one's sense of justice. *See Commonwealth v. Gibbs*, 981 A.2d 274, 282 (Pa. Super. 2009) (stating that "[w]hen the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review."). Thus, the trial court did not abuse its discretion in denying Mowrer's weight of the evidence claim.

Judgment of sentence affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/20/2019