J-A16026-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OSCAR WAYNE COVER | : | |
| | : | |
| Appellant | : | No. 1263 MDA 2020 |

Appeal from the Judgment of Sentence Entered September 4, 2020
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0001348-2019

BEFORE:     KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.:               **FILED: AUGUST 5, 2021**

Oscar Wayne Cover (Appellant) appeals from the judgment of sentence entered in the Cumberland County Court of Common Pleas following his bench trial convictions of driving while operating privilege is suspended – driving under the influence (DUI) related[1] and related Motor Vehicle Code[2] offenses. On appeal, Appellant argues the evidence was insufficient to establish his identity as the driver.  For the following reasons, we affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. § 1543(b)(1).

[2] 75 Pa.C.S. §§ 101-9805.

Appellant was charged with, *inter alia*, recklessly endangering another person (REAP), fleeing or attempting to elude police officer (fleeing),[3] and various summary Motor Vehicle Code offenses. This matter proceeded to a bifurcated trial on September 1, 2020, with the trial court sitting as finder of fact for the summary offenses and a jury hearing the remaining offenses. The Commonwealth presented the following evidence.

Around 3:00 p.m. on April 9, 2019, Pennsylvania State Trooper Curwin Walrond recorded a black Chevrolet pick-up truck traveling at 75 miles per hour in a 55 miles per hour zone on Interstate 81, in South Middleton Township. N.T., Jury Trial, 9/1/20, at 11, 13-14. Trooper Walrond activated his emergency lights and sirens to initiate a traffic stop. *Id.* at 14. The truck continued moving but stopped at an exit ramp. *Id.* at 15. Trooper Walrond checked the truck's registration, which provided a photograph of the registered owner, Arthur Cover — who is Appellant's father. *Id.* at 15, 18-19. Trooper Walrond exited his patrol car and noticed the driver looking back as he approached. *Id.* at 15. As the trooper reached the rear of the truck, the driver accelerated away. *Id.* at 15-16.

Trooper Walrond followed in pursuit as the truck traveled at a high rate of speed on Walnut Bottom Road. Upon reaching an intersection, the truck drove through a red light and turned left. N.T., 9/1/20, at 16. Trooper

_____

[3] 18 Pa.C.S. § 2705; 75 Pa.C.S. § 3733(a).

Walrond followed, and the truck made a U-turn and approached him from the opposite direction. *Id.* at 16-17. Trooper Walrond attempted to slow the truck down by entering its lane of traffic. *Id.* at 17. However, the truck swerved around him and continued. *Id*. At this time, Trooper Walrond saw the driver of the truck. *Id*. at 18-19. He described the driver as a white male with a "distinct" reddish beard, wearing a hat and sunglasses. *Id.* at 19. During the pursuit, other vehicles were forced off the road. Trooper Walrond stopped the pursuit to ensure no one was injured. *Id.* at 18.

Trooper Walrond noted that the driver did not match the image of the registered owner, Arthur Cover. N.T., 9/1/20, at 18-19. As required, Trooper Walrond investigated all residents within Cover's household, and discovered that Appellant, Cover's son, matched the description of the person driving the truck on the day of the pursuit. *Id.* at 19. Trooper Walrond also learned that at approximately 8:30 p.m., on the day of vehicle pursuit, the registered owner's wife reported the truck stolen. *Id.* at 30-31.

On April 11, 2019, two days after the chase, the truck was discovered abandoned in a parking lot in Shippensburg. N.T., 9/1/20, at 20-21. On April 18th, with Carlisle State Police, Pennsylvania State Trooper Richard Lewis executed a search warrant on the truck. *Id.* at 40. Inside the truck were receipts and mail in Appellant's name.[4] *See id.* at 42, 45.

---

[4] Trooper Lewis also found a glass smoking device and a small amount of marijuana. The Commonwealth charged Appellant with use/possession of drug
*(Footnote Continued Next Page)*

At trial, Trooper Walrond testified to the facts summarized above and identified Appellant as the driver of the truck.[5]  ***See*** N.T., 9/1/20, at 38-39. The Commonwealth also presented eye witness testimony from Ariel Schappell.  ***Id.*** at 48.  Schappell was a passenger in a vehicle on the road when the pursuit occurred.  Schappell testified about the truck driving in the wrong lane of travel, toward her.  ***Id.*** at 47-48.

The Pennsylvania State Police failed to preserve video taken from Trooper Walrond's patrol vehicle.  N.T., 9/1/20, at 24.  However, Appellant, while cross-examining Trooper Walrond, introduced two cell phone video clips capturing the video being played on a computer screen, each 5 to 10 seconds long.  ***Id.*** at 33, 35.  One clip depicted Trooper Walrond "making contact with the" truck, and the second clip showed the truck approaching Trooper Walrond's "position."  ***Id.*** at 34, 35.

Appellant did not testify but presented the video clips and two additional exhibits.  N.T., 9/1/20, at 32, 38, 53.

Following the presentation of evidence, outside of the jury's presence, the trial court considered the Motor Vehicle Code summary offenses.

---

paraphernalia, but at trial, the trial court granted Appellant's motion to dismiss that charge.  N.T., 9/1/20, at 54.

[5] According to Appellant, a first trial, on August 31, 2020 (the day before the instant trial on September 1st), ended in a mistrial.  Appellant's Brief at 12. We note the trial docket includes an entry stating "Trial 8/31/2020 at 8AM," but there is no indication a mistrial was declared.  ***See*** Docket at 9.

Appellant argued the Commonwealth did not establish he was the person operating the vehicle, and requested the trial court to find him not guilty. N.T., 9/1/20, at 55. The trial court disagreed, specifically finding Trooper Walrond was credible, noting that the trooper positively identified Appellant. *Id.* The court found Appellant guilty of driving while operating privilege is suspended or revoked – DUI related, two counts of meeting vehicle proceeding in opposite direction, and one count each of driving on roadways laned for traffic, driving vehicle at safe speed, maximum speed limits, and reckless driving.[6] *Id.* The jury then found Appellant not guilty of REAP and fleeing. *Id.* at 78, 79.

On September 4, 2020, the trial court sentenced Appellant to 90 days' imprisonment, with credit for time served. Appellant did not file any post-sentence motion, but filed a timely notice of appeal on October 1st and a timely court-ordered Pa.R.A.P 1925(b) statement on October 12th.

Appellant presents the following issue for our review:

Was the evidence sufficient to establish beyond a reasonable doubt Appellant was correctly identified as [the] vehicle driver in support of guilty verdicts on summary offenses, driving under suspension – DUI related; meeting vehicle proceeding in opposite direction; driving on roadways laned for traffic; driving vehicle at safe speed; maximum speed limits; and reckless driving?

Appellant's Brief at 6 (some capitalization omitted).

---

[6] 75 Pa.C.S. §§ 3302, 3309(1), 3361, 3362, 3736.

Appellant maintains that "[b]ased on the amount of obstructions and minimal time allowed to positively identify the driver, there was not sufficient evidence to find that [Appellant] was the person driving the truck." Appellant's Brief at 18-19. He avers Trooper Walrond lacked the adequate time and vantage point during his pursuit of the truck to correctly identify him. *Id.* at 16. In addition, Appellant maintains Trooper Walrond "obfuscates much of what would identify an individual." *Id.* at 17. In support, Appellant states Trooper Walrond only relied on "the 'distinct' reddish beard and that it was a white male [during the] stressful chase." *Id.* Appellant argues that important identifying features, such as hair color and the driver's face, were concealed with the hat and sunglasses. Appellant notes, "Trooper Walrond did not identify the type [or] color of the hat, style of sunglasses, color of the lenses, etc." *Id.* at 17-18. Appellant also contends "the only eyewitness testimony," by Schappell, "produced no identification whatsoever of the driver, . . . even though [a big truck] [was] coming straight towards [her.]'" *Id.* at 18. Finally, Appellant argues that neither of the video clips identified him. *Id.* at 16-17. Thus, Appellant argues the evidence was insufficient to establish he was correctly identified as the driver.

As an initial matter, "any uncertainty in an eyewitness's identification of a defendant is a question of the weight of the evidence, not its sufficiency." *Commonwealth v. Cain*, 906 A.2d 1242, 1245 (Pa. Super. 2006) (citation omitted).

The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse . . . the verdict if it is so contrary to the evidence as to shock one's sense of justice.

Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to where the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Orr*, 38 A.3d 868, 873 (Pa. Super. 2011) (*en banc*) (citations omitted). "A trial judge, sitting simultaneously as fact-finder with a jury in a bifurcated summary/non-summary trial, is entitled to make his or her own credibility findings[.]" *Commonwealth v. McNeal*, 120 A.3d 313, 327-28 (Pa. Super. 2015).

Under Pennsylvania Rule of Criminal Procedure 607, a challenge to the weight of the evidence must be preserved

in a **motion for a new trial**:

(1) orally, on the record, at any time before sentencing;

(2) by written motion at any time before sentencing; or

(3) in a post-sentence motion.

Pa.R.Crim.P. 607(A)(1)-(3) (emphasis added). "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived. Appellate review of a weight of the evidence claim is limited to a review of the judge's exercise of discretion." Pa.R.Crim.P. 607, cmt.

Our review of the certified record does not reveal any indication that this issue was properly preserved before the trial court. Although Appellant argued the Commonwealth failed to establish his identity as the driver, this argument **preceded** the entry of his guilty verdicts. Appellant did not raise any challenge to the verdicts as entered, and made no motion for a new trial either orally or in a written post-verdict or post-sentence motion. **See** Pa.R.Crim.P. 607(A)(1)-(3).

Nevertheless, even had Appellant properly preserved this issue, we would conclude no relief is due. The trial court specifically found Trooper Walrond's testimony was credible and that he was able to identify Appellant "as the person driving the truck at the time of the events." Trial Ct. Op., 2/3/21, at 5. The court also considered Appellant was the son of the registered owner of the truck, the registered owner's wife reported the truck stolen "[l]ater on the same day as the incident," and "receipts and mail related to [Appellant] were" found in the truck. **Id.** at 4. The court, as the fact finder was free to believe all, part, or none of Trooper Walrond's testimony, as well as the corroborating evidence introduced at trial. **See McNeal**, 120 A.3d at 327-28; **Orr,** 38 A.3d at 873. Thus, we will not disturb the trial court's weight and credibility findings and decline to disturb the verdict.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 8/05/2021