J-S30035-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FLAIR LAMONT GRIGGS | : | |
| | : | |
| Appellant | : | No. 1604 MDA 2023 |

Appeal from the Judgment of Sentence Entered October 16, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002929-2022

BEFORE:   PANELLA, P.J.E., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:　　　　　　**FILED: SEPTEMBER 19, 2024**

Appellant, Flair Lamont Griggs, appeals from the judgment of sentence entered in the York County Court of Common Pleas on October 16, 2023. After our review, we affirm.

The relevant facts and procedural history are as follows: On January 13, 2022, a shooting occurred outside of a bar and lounge in York, Pennsylvania. Appellant and Walter Jenkins were each charged with Attempted Homicide and Persons not to Possess a Firearm[1] in connection with the shooting, and a consolidated trial was held from September 11 to September 14, 2023.[2] The Commonwealth presented the testimony of the victim, Yandel Gonzalez-

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S. § 2501; 18 Pa.C.S. § 6105.
[2] Co-defendant, Walter Jenkins, while not a party to this appeal, appealed to this Court at docket 1628 MDA 2023.

Rodriguez, a witness, Davaughn White, and numerous police officers, detectives, and medical and forensics experts.

Yandel Gonzalez-Rodriguez testified that he was at the M & M Lounge with his uncle the night of January 12 into January 13, 2022. When they left around 2:00 a.m. and his uncle got into his car, another car drove past them and the victim was shot in the arm and back. N.T. at 115-20. He suffered a fracture which required surgery to place screws, wires, and metals in his upper arm, a collapsed lung which required insertion of a chest tube, and damage to the radial nerve which affects arms and hand movement. N.T. at 404-409.

Davaughn White, Appellant's cousin, had driven Appellant and his co-defendant to the M & M Lounge around midnight on the night of the shooting. The three left around last call and entered White's vehicle, a silver Acura. N.T. at 181-185. White drove them around for some time circling the block as they continued drinking. In an alleyway outside M & M Lounge, either Appellant or his co-defendant told White to stop the car. When he did, both passengers jumped out of the vehicle, left, returned moments later, and told him to drive. White did not see what occurred but thought he heard gunshots. N.T. at 192-197.

Video footage from the M & M Lounge confirmed that Appellant, his co-defendant, and the victim were present at the bar on the night of the shooting. N.T. at 189. The police accessed video footage from several nearby buildings which shows White's silver Acura circling the block outside M & M Lounge at

the time of the shooting, and Appellant and his co-defendant exiting the vehicle and returning a short time later N.T. at 295-96, 422-24.

Officers collected sixteen shell casings from the alleyway where the shooting occurred. N.T. at 285. Ballistics testing by the Pennsylvania State Police revealed that five shots were fired from one 9mm firearm, and eleven shots were fired from another 9mm firearm. N.T. at 141-42. During a warranted search of co-defendant's home, a black and gold firearm was found which was identified as having fired the five spent casings. N.T. at 341-43, 375-76. The second firearm from which eleven shots were fired was never recovered or identified.

A jury convicted Appellant of both counts on September 14, 2023. On October 16, 2023, Appellant was sentenced to an aggregate term of twenty-six to fifty-two years' incarceration. Appellant filed a timely Notice of Appeal on November 15, 2023, and a Concise Statement pursuant to Pa.R.A.P. 1925(b) on January 26, 2024. This appeal follows.

Appellant raises two issues for our review:

> I. Whether sufficient evidence existed to support the jury's verdict of guilty for the crime of Attempted Homicide.
> II. Whether sufficient evidence existed to support the jury's verdict of guilty for the crime of Persons not to Possess a Firearm.

Appellant's Br. at 4.

Our review of a claim challenging the sufficiency of the evidence is well settled:

> In evaluating a challenge to the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable doubt. We may not weigh the evidence and substitute our judgment for the fact-finder. To sustain a conviction, however, the facts and circumstances which the Commonwealth must prove must be such that every essential element of the crime is established beyond a reasonable doubt.

***Commonwealth v. Cain***, 906 A.2d 1242, 1244 (Pa. Super. 2006), appeal denied, 916 A.2d 1101 (Pa. 2007) (citations omitted). The Commonwealth may prove its case ***through entirely circumstantial evidence***. ***Commonwealth v. Bowens***, 265 A.3d 730, 740 (Pa. Super. 2021), appeal denied, 279 A.3d 508 (Pa. 2022) (emphasis added). Lastly, the finder of fact may believe all, some or none of a witness's testimony. ***Id***. at 741.

Before we address the merits of Appellant's sufficiency claims, we must determine whether Appellant has preserved them for our review.

> [w]e have repeatedly held that [i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's [Rule] 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. ... Therefore, when an appellant's 1925(b) statement fails to specify the element or elements upon which the evidence was insufficient[,] ... the sufficiency issue is waived on appeal.

***Commonwealth v. Ellison***, 213 A.3d 312, 320-21 (Pa. Super.) (citations and quotation marks omitted), appeal denied, 220 A.3d 531 (Pa. 2019).

Here, Appellant failed to specify in his Concise Statement the element or elements of either Attempted Homicide or Person Not to Possess a Firearm

- 4 -

upon which he contends the evidence was insufficient. His 1925(b) statement merely stated verbatim,

> Defendant/Appellant raises the following issues for appeal:
> a. Sufficient evidence did not to support the jury's verdict of guilty for Attempted Homicide; and
> b. Sufficient evidence did not exist to support the jury's verdict of guilty for Persons Not to Possess a Firearm.

1925(b) Statement at 1-2. Appellant now challenges the Commonwealth's evidence as to the Attempted Homicide conviction and as to the possession element of the Persons not to Possess conviction. However, since Appellant's failure to identify the elements did not impede our review and the trial court readily apprehended his claims, we decline to find waiver on that basis.

We address Appellant's issues in reverse order for ease of disposition. Appellant challenges the Commonwealth's evidence proving Persons not to Possess a Firearm. In order to obtain a conviction under 18 Pa.C.S. § 6105, the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a firearm and that he was convicted of an enumerated offense that prohibits him from possessing, using, controlling, or transferring a firearm. 18 Pa.C.S. § 6105.

Here, Appellant concedes that he is a person prohibited from possessing a firearm. Appellant's Br. at 17. He challenges only the sufficiency of the Commonwealth's evidence that he possessed and/or used a firearm on the night in question when the second firearm used in the shooting was never recovered and there was no testimony that Appellant was seen with a gun that night. *Id.* at 16-18.

On this point the trial court stated,

> Appellant's co-defendant at trial was found with one of the two weapons used at the shooting. Ballistics determined that this weapon fired 5 of the 16 shots fired in the shooting, while another weapon fired 11 of those 16 shots. The latter weapon was not recovered. However, every reasonable inference based on the various evidence presented (videos, testimony, ballistics) tends to show that Appellant was the other shooter, and in the course of shooting, possessed a firearm.

Tr. Ct. Op. at 4.

We agree. The Commonwealth presented evidence that two men exited and quickly returned to their vehicle outside the M & M Lounge around the time of the shooting on the night in question. N.T. at 423-24. The jury found beyond a reasonable doubt that those two men were Appellant and his co-defendant. The Commonwealth presented evidence that two different firearms were used in the shooting outside M & M Lounge on the night in question, and one of those firearms used in the shooting was found in co-defendant's home in the same room as co-defendant. N.T. at 376. The jury believed beyond a reasonable doubt that Appellant and his co-defendant were the two shooters, and thus Appellant possessed the other firearm. The Commonwealth may prove its case through entirely circumstantial evidence, **Bowens, supra**, and the jury was free to make reasonable inferences based on the circumstances. We may not substitute our judgment for the fact-finder. **Cain, supra**. Accordingly, we find that the Commonwealth produced sufficient evidence for a jury to find that Appellant used a firearm on the night in question. Thus, we uphold his conviction for Persons not to Possess a Firearm.

Appellant next challenges the sufficiency of the evidence to support his attempted homicide conviction.

> Pursuant to Pennsylvania statute, "[a] person commits attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S. § 901. Further, "[a] person is guilty of criminal homicide if he intentionally, knowingly, recklessly or negligently causes the death of another human being." 18 Pa.C.S. § 2501. Additionally, "[t]he use of a deadly weapon on a vital part of the human body is sufficient to establish the specific intent to kill." *Commonwealth v. Randolph*, 873 A.2d 1277, 1281 (Pa. 2005).
>
> With respect to the charge of Criminal Attempt (Homicide), the Commonwealth was required to present evidence to show that Appell[ant] committed a substantial step toward "intentionally, knowingly, recklessly or negligently caus[ing] the death of another human being." 18 Pa.C.S. § 2501.

*Commonwealth v. Hilliard*, 172 A.3d 5, 12 (Pa. Super. 2017).

The Commonwealth argues that the substantial step was Appellant firing a gun at close range causing severe injury to the victim. Appellee's Br. at 10, 16. Appellant argues that the Commonwealth did not prove he used or possessed a firearm that night. Appellant's Br. at 15-16. For the reasons stated in the above analysis, we find that the Commonwealth produced sufficient evidence for a jury to find that Appellant used a firearm on the night in question, constituting a substantial step toward causing the death of another.

Regarding the element of intent for Attempted Homicide, we have observed that where the defendant does not "verbalize the reasons for his actions, we are forced to look to the act itself to glean the intentions of the

- 7 -

actor." ***Commonwealth v. Hall***, 830 A.2d 537, 542 (Pa. 2003). To the extent "the intention of the actor is obvious from the act itself, the finder of fact is justified in assigning the intention that is suggested by the conduct." ***Id***. We may "infer that one intends the natural and probable consequences of his acts[.]" ***Commonwealth v. Gease***, 696 A.2d 130, 133 (Pa. 1997).

Here, Appellant argues that the Commonwealth did not prove he had intent to kill because while a gun was used to shoot the victim, the victim was not shot in a vital organ, and thus the Commonwealth cannot benefit from the presumption of an intent to kill. Appellant's Br. at 14.

We agree with the Commonwealth that the evidence was sufficient for the jury to have found intent to kill. Between Appellant and his co-defendant, sixteen shots were fired in a short period of time at close range in an alleyway. There were bullet holes in the victim's car on the driver's side rear door and through the glass on the front passenger's side. N.T. at 153. The victim was in the driver's seat and his uncle was entering the front passenger side of the car when the victim was struck in the back with a bullet, causing serious injury. N.T. at 120. When an individual fires a gun at a vehicle's doors or seats where the vehicle's occupants are located, and an occupant is struck with a bullet, we have little trouble concluding the individual has manifested intent to kill. ***See Commonwealth v. Tavarez***, No. 1199 MDA 2023, 2024 Pa. Super. Unpub. LEXIS 889, at *11 (Apr. 8, 2024), ***see also Commonwealth v.***

*Jones*, 292 A.3d 1107 (Pa. Super. 2023)[3] ("an individual who deliberately aims and fires a pistol multiple times at the occupant of a car and succeeds in wounding him has manifested a specific intent to kill"). Furthermore, "[a] gun is a lethal weapon; pointing it towards a person, and then discharging it, speaks volumes as to one's intention." *Hall*, 830 A.2d at 543. Therefore, we find that the evidence was sufficient for a jury to infer intent to kill and thus to convict Appellant of Attempted Homicide. Accordingly, we affirm both convictions.

Judgment of sentence affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 09/19/2024

---

[3] We note that, pursuant to Pa.R.A.P. 126(b), unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value.  We find guidance in the unpublished memoranda cited *supra* and find them to be persuasive in this matter.