J-S56010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VICTOR  HOLLINGSWORTH | : | |
| | : | |
| Appellant | : | No. 3268 EDA 2018 |

Appeal from the Judgment of Sentence Entered July 18, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0013796-2012

BEFORE:  PANELLA, P.J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.:           **FILED DECEMBER 30, 2019**

Victor Hollingsworth appeals, *nunc pro tunc*, from the judgment of sentence entered in the Philadelphia County Court of Common Pleas on July 18, 2014 following his conviction for robbery and criminal conspiracy to commit robbery. Hollingsworth challenges the sufficiency and weight of the evidence supporting his convictions, and raises multiple allegations of trial court error.[1] We affirm.

On November 2, 2012, Derrick Johnson was walking home from work around 11th and Spencer Streets when he observed three males in hooded

---

[1] In his concise statement, Hollingsworth alleged he was unduly prejudiced because the trial court recited the bills of information to the jury which stated that his co-conspirator displayed a gun and demanded property from the victim. Hollingsworth failed to raise this issue in his brief, thus we find it waived for our review.

sweatshirts at the bus stop. As Johnson crossed the street, he noticed the three males put their hoods on. While one male stayed at the bus stop, the second and third male followed Johnson across the street. The second male asked Johnson if he knew what time it was. The male then drew a black handgun, pointed it at Johnson and told him not to run. Frightened by the gun, Johnson ran toward his home approximately three houses away.

As he fled, he heard the gun being cocked and someone shout, "Shoot him. Shoot him. Shoot him." He banged on his door until his mother answered. He told her what happened and she immediately called the police. After responding to the call, police stopped Hollingsworth at 9th and Spencer Street because he matched Johnson's description of one of the males as a black male, caramel-skinned, in his early twenties, carrying a book bag, and wearing a black and white hoodie jacket. Police took Johnson to that location, where he positively identified Hollingsworth as one of the males who had robbed him.

After a jury trial, Hollingsworth was found guilty of the above charges and sentenced to sixty-nine to one-hundred and eighty months' incarceration. Counsel for Hollingsworth filed an appeal based on insufficiency and weight of the evidence. This Court dismissed the appeal as untimely.

On October 30, 2017, Hollingsworth filed, *pro se*, his first petition pursuant to the Post Conviction Relief Act ("PCRA").[2] Counsel was appointed

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

who filed an amended PCRA petition seeking to reinstate Hollingsworth's direct appellate rights *nunc pro tunc*. After a hearing, the PCRA court granted the petition and reinstated Hollingsworth's direct appellate rights. This *nunc pro tunc* appeal followed.

On appeal, Hollingsworth challenges the weight of the evidence, the sufficiency of the evidence, the trial court's failure to provide a **Kloiber**[3] instruction, and the trial court's failure to sustain an objection to the admission of witness testimony. Since a sufficiency claim, if successful, prohibits retrial, we will address this issue first.

Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. **See Commonwealth v. Dale**, 836 A.2d 150, 152 (Pa. Super. 2003). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." **Commonwealth v. Bruce**, 916 A.2d 657, 661 (Pa. Super. 2007) (citation omitted).

---

[3] **Commonwealth v. Kloiber**, 106 A.2d 820 (Pa. 1954). As more fully developed below, a **Kloiber** charge is an instruction to the jury that an eyewitness identification should be viewed with caution when certain circumstances exist. **See Commonwealth v. Ali**, 10 A.3d 282, 303 (Pa. 2010).

"The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Id*. (citation omitted). "As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." **Commonwealth v. Kinney**, 863 A.2d 581, 584 (Pa. Super. 2004) (citation omitted). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Bruce**, 916 A.2d at 661 (citation omitted). Furthermore, a mere conflict in the testimony of the witnesses does not render the evidence insufficient because it is within the province of the fact finder to determine the weight to be given to the testimony and to believe all, part, or none of the evidence. **Commonwealth v. Baskerville**, 681 A.2d 195, 200 (Pa. Super. 1996).

Here, Hollingsworth's claim relates solely to the sufficiency of the Commonwealth's identification evidence. Accordingly, we limit our discussion to the evidence for that element. **See Commonwealth v. Cain**, 906 A.2d 1242, 1244 (Pa. Super. 2006) (declining to address the sufficiency of the evidence supporting every element of an offense where the appellant raises a claim relating to one specific element); **see also Commonwealth v. Smyser**, 195 A.3d 912, 915 (Pa. Super. 2018) ("In addition to proving the statutory elements of the crimes charged beyond a reasonable doubt, the Commonwealth must also establish the identity of the defendant as the perpetrator of the crimes").

> [E]vidence of identification need not be positive and certain to sustain a conviction. Although common items of clothing and general physical characteristics are usually insufficient to support a conviction, such evidence can be used as other circumstances to establish the identity of a perpetrator. Out-of-court identifications are relevant to our review of sufficiency of the evidence claims, particularly when they are given without hesitation shortly after the crime while memories were fresh. Given additional evidentiary circumstances, any indefiniteness and uncertainty in the identification testimony goes to its weight.

*Commonwealth v. Orr*, 38 A.3d 868, 874 (Pa. Super. 2011) (*en banc*) (citations and quotation marks omitted).

Hollingsworth makes a limited argument that the Commonwealth failed to prove that he committed the crimes because Johnson's identifications were inconclusive and he did not match the description given by Johnson. He asserts that he was not wearing a backpack and his jacket had a white stripe on it, rather than writing. However, any issues with the certainty of a witness's identification is a matter of weight of the evidence, not its sufficiency, and we do not reweigh the credibility of witnesses on appeal. Since the prior identifications were admitted as substantive evidence, the jury was free to conclude that Hollingsworth was one of the robbers. Therefore, Hollingsworth's sufficiency argument fails.

Hollingsworth next contends the verdict was against the weight of the evidence. We do not review challenges to the weight of the evidence *de novo* on appeal. *See Commonwealth v. Rivera*, 983 A.2d 1211, 1225 (Pa. 2009). Rather, we only review the trial court's exercise of its discretionary judgment regarding the weight of the evidence presented at trial. *See id*.

"[W]e may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice." ***Commonwealth v. Champney***, 832 A.2d 403, 408 (Pa. 2003) (citations omitted). A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience." ***Commonwealth v. Davidson***, 860 A.2d 575, 581 (Pa. Super. 2004) (citations omitted).

Hollingsworth contends that because Johnson recanted and testified that he was unable to identify Hollingsworth at trial, the verdict was against the weight of the evidence. At the close of the post-sentence hearing, the trial court reject Hollingsworth's challenge to the weight of the evidence:

> As to the weight of the evidence, finding that the finder of fact, which in this case was the jury, was free to believe and to determine credibility of the witnesses. And notwithstanding[] the fact that there was a defense witness that essentially attempted to provide an alibi for the defendant, that the jury obviously did not believe that witness and, rather, credited the prior identification[] that the complainant had made. Which included an on-scene identification[] that was corroborated by an officer and … the complaining witness, [and indicated several times that he was confident in his identification of Hollingsworth as one of the three robbers] and then subsequent other identifications that occurred prior to trial and I do recall that he was not able to identify the defendant at trial, [and I properly instructed] the jury how they can use those prior inconsistent statements.
>
> I will not disturb the verdict and find that the verdict is not so contrary to the evidence as to shock one's sense of justice.

N.T., 2/5/2015, at 6-7. The court's discussion is well supported by the record, and we cannot conclude the court's reasoning represents an abuse of its discretion. Hollingsworth's challenge to the weight of the evidence does not merit relief.

Hollingsworth next contends the trial court erred in declining to give the jury a **Kloiber** instruction. "A **Kloiber** instruction informs the jury that an eyewitness identification should be viewed with caution when either the witness did not have an opportunity to view the defendant clearly, equivocated on the identification of the defendant, or has had difficulties identifying the defendant on prior occasions." **Commonwealth v. Sanders**, 42 A.3d 325, 332 (Pa. Super. 2012) (citation omitted). When these circumstances exist, "the Court should warn the jury that the testimony as to identity must be received with caution." **Kloiber**, 106 A.2d at 826-827.

After a review of the record, we do not find the trial court erred in refusing to issue a **Kloiber** instruction under the circumstances. There is no evidence that Johnson previously misidentified Hollingsworth as one of the robbers. To the contrary, Johnson unequivocally identified Hollingsworth as one of the robbers during an in person identification less than an hour after the robbery. He specifically made an accurate identification of Hollingsworth as the man wearing a black and white hoodie and carrying a book bag during the robbery. Additionally, the record does not show an issue of whether Johnson could see the perpetrators clearly. Rather, Johnson provided a

statement to police on the night of the robbery indicating he was able to see the faces of all three male robbers when he was crossing the street prior to the robbery. Finally, Johnson again unequivocally identified Hollingsworth as one of the robbers during the preliminary hearing.

Although Johnson recanted at trial and declined to make an in-court identification, it was up to the jury whether or not to credit the prior inconsistent statements. Additionally, the trial court did issue an instruction pertaining to the identification evidence, and inconsistent statements. *See* N.T., 5/15/2014, at 10-12. The jury was apprised of the issue concerning Johnson's prior identifications and inconsistent recantation in court. Accordingly, we find the trial court did not err in failing to instruct the jury that it must accept the prior identifications with caution where there was no in-court identification. "Unlike the typical *Kloiber* situation, where there is a damaging in-court identification of the accused, the same type of concerns are not present where a witness declines to identify the defendant in court." *Sanders*, 42 A.3d at 335.

Finally, Hollingsworth argues the trial court erred in allowing Officer Tyrone Bacon and Officer Anthony Comitalo to testify about the lighting conditions at the location of the robbery and Officer Comitalo to opine regarding where someone running in a particular direction in that area would be based on the timing.

When considering the admission of evidence, our standard of review is very narrow. Our review of a trial court's evidentiary ruling is limited to determining whether the trial court abused its discretion. **See Commonwealth v. Dengler**, 890 A.2d 372, 379 (Pa. 2005). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." **Id**. (citation omitted). Finally, "[t]o constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party." **Commonwealth v. Lopez**, 57 A.3d 74, 81 (Pa. Super. 2012) (citation omitted).

Pennsylvania Rule of Evidence 701 states that in cases where a witness is not testifying as an expert, his or her opinion testimony must be limited to what is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 701." Pa.R.E. 701.

Upon review, we conclude that the court did not abuse its discretion in allowing the challenged testimony. The officers did not testify as to what Johnson himself was able to see, but rather testified about their own perception and personal knowledge of the area in which the crime occurred, and in general what the lighting conditions were like. **See** N.T., 5/14/2014, at

21-22, 73-74. Further, Officer Comitalo's testimony regarding possible locations of the offender was based on his experience, his perceptions, and his personal knowledge of the area in which the crime occurred. ***See id.***, at 74-75 (discussing location and direction of streets, and distance between blocks). None of the testimony required scientific or technical knowledge. His testimony was relevant to the jury's understanding of the map of the area and the location of events and movements of people. The jury was capable of weighing the officers' testimony using their own common sense and every day experiences. Hollingsworth's final issue merits no relief.

As we conclude none of Hollingsworth's issue merit relief, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge Olson joins the memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/19