J-A25030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DENNIS RICHARD DAVIS, II | : | |
| | : | |
| Appellant | : | No. 1260 WDA 2020 |

Appeal from the Judgment of Sentence Entered September 29, 2020
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0012677-2019

BEFORE: KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.: **FILED: FEBRUARY 4, 2022**

Appellant, Dennis Richard Davis, II, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his bench trial convictions for driving under the influence of a controlled substance ("DUI"), driving while operating privilege is suspended or revoked, reckless driving, careless driving, and accidents involving damage to unattended vehicle or property.[1] We affirm.

The relevant facts and procedural history of this case are as follows. Eric Showers testified that on July 27, 2019, at 8082 Saltsburg Road:

> I heard a car, like, something crash into the telephone pole
> and a mailbox. So when I looked over, I seen a car going

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802(d)(2); 1543(a); 3736(a); 3714(a) and 3745(a), respectively.

up the guardrail and the right side of the car hit the back of my van, which wiped out the doors. And the car went airborne down into the lot, which hit an apple tree.

And at that time, I went over to the door to make sure whoever was driving was okay, and that was when [Appellant] was in the car. I helped him get out of the car. At that time, he looked [like] he was just, you know, out of it. I don't know if it was the wreck and stuff. And after I got him out of the car, he was just kind of stumbling around and was just out of it.

(N.T. Trial, 7/9/20, at 4-5).

Within 30 seconds of witnessing this car accident, Mr. Showers approached the Nissan and found Appellant in the driver's seat; Appellant was the sole occupant of the vehicle. (*Id.* at 10). Mr. Showers explained that it was impossible for anyone to open the passenger side door of the Nissan because that door was up against a tree. (*Id.* at 12).

On cross-examination, Mr. Showers confirmed that he saw Appellant driving the car, and he specified that:

Well, when I seen the guardrail going through the air, I seen the person driving, which was him. Like, it was only one person in the car, because when it was going through the air, I seen the car, seen through the window and seen the driver and it ended up in the tree and I ran over –

\* \* \*

When it was going through the air, **I could see through the windows, and I could see the driver in there**, which was the same driver that was in the seat, correct. Because the car, when I seen it going through the air, I was lower, and it came down on an angle. So I was able to see the whole car the whole time.

(*Id.* at 13-14) (emphasis added).

- 2 -

The trial evidence further showed that after exiting the Nissan, Appellant stumbled around, and he appeared to be impaired. (*Id.* at 7). Appellant subsequently failed field sobriety tests. (*Id.* at 18). Appellant admitted that he was using prescription medicine, but he denied any alcohol consumption. (*Id.*) Mr. Showers estimated Appellant's speed at 10-15 miles above the posted speed limit. (*Id.* at 8). Appellant's driver's license was suspended at the time of this crash. (*Id.* at 21). Appellant told the police officer who responded to the crash that his girlfriend, Nicole Banichar, had been driving the Nissan, which she owned. (*Id.* at 24). The officer then contacted Ms. Banichar by telephone, and she stated that she was at work at the time of the accident. (*Id.* at 25). After this phone conversation, the officer asked Appellant about the inconsistency concerning his claim that Ms. Banichar drove the vehicle, but Appellant refused to answer. (*Id.* at 26).

Appellant testified in his defense that on the day of the accident, Lori Scofield picked him up so that they could purchase drugs. (*Id.* at 29). Appellant stated that while on Saltsburg Road, "Lori drove off the road, and hit a couple of parked cars." (*Id.*) According to Appellant, after driving and crashing the Nissan, Lori fled on foot. (*Id.*) Appellant claimed he remained in the car because he "wasn't doing anything wrong besides getting high." (*Id.* at 30). Appellant denied telling the officer that Ms. Banichar was driving the car. (*Id.*) At the conclusion of trial, the court found Mr. Showers' eyewitness testimony to be "very convincing," and concluded that sufficient

evidence existed to establish Appellant was the driver of the Nissan. (*Id.* at 36).

On July 9, 2020, the court found Appellant guilty of DUI (controlled substance) and related driving offenses. The court sentenced Appellant to an aggregate term of 30 to 180 days' incarceration on September 29, 2020. On October 7, 2020, Appellant timely filed two post-sentence motions, one for reconsideration of his sentence and the other challenging the weight of the evidence. The court granted Appellant's post-sentence motion for reconsideration of his sentence, and it vacated its initial sentencing order. The court resentenced Appellant to 6 months' probation, of which 90 days were to be served on house arrest, and a consecutive 180 days' probation. On October 29, 2020, the court denied Appellant's challenge to the weight of the evidence.

Appellant filed a timely notice of appeal on November 18, 2020. The next day, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant filed a request for an extension of time to file his Rule 1925(b) statement, on December 9, 2020, because of COVID-19 and counsel's inability to discuss the case with Appellant. The court subsequently granted the request for an extension, and Appellant filed his Rule 1925(b) statement on April 28, 2021.

Appellant raises the following issue for our review:

> Is the evidence sufficient in this case to prove beyond a reasonable doubt that [Appellant] was the person who drove the car on the day of the incident?

(Appellant's Brief at 9).

Appellant argues the evidence was insufficient to establish his identification as the driver of the Nissan vehicle to sustain his convictions for DUI and related traffic offenses. Appellant asserts that Mr. Showers could not identify him at trial because Appellant had a mask covering a portion of his face pursuant to COVID-19 protocol. Appellant insists that he did not drive the Nissan; rather, his friend Lori Schofield was the driver. Further, Appellant maintains that Mr. Showers' testimony that he saw the driver of the vehicle through the window as the vehicle was airborne, was unbelievable. Appellant concludes that the Commonwealth failed to prove that Appellant was the driver of the Nissan, and this Court must vacate his judgment of sentence and reverse his convictions. We disagree.

When examining a challenge to the sufficiency of evidence, our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the

above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Jackson***, 215 A.3d 972, 980 (Pa.Super. 2019) (quoting ***Commonwealth v. Hansley***, 24 A.3d 410, 416 (Pa.Super. 2011), *appeal denied*, 613 Pa. 642, 32 A.3d 1275 (2011)).

Eyewitness testimony is not required to establish that a defendant was driving, operating, or was in actual physical control of a motor vehicle. ***See Commonwealth v. Johnson***, 833 A.2d 260, 263 (Pa.Super. 2003). Rather, the Commonwealth can establish through wholly circumstantial evidence that a defendant was driving, operating or in actual physical control of a motor vehicle. ***Id.***

In determining whether a particular identification was reliable, this Court has explained that we:

should consider the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of [his or her] prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. The opportunity of the witness to view the actor at the time of the crime is the key factor in the totality of the circumstances analysis.

***Commonwealth v. Valentine***, 101 A.3d 801, 806 (Pa.Super. 2014). Additionally, we acknowledge:

Evidence of identification need not be positive and certain to sustain a conviction. Although common items of clothing and general physical characteristics are usually insufficient

to support a conviction, such evidence can be used as other circumstances to establish the identity of a perpetrator. Out-of-court identifications are relevant to our review of sufficiency of the evidence claims, particularly when they are given without hesitation shortly after the crime while memories were fresh. Given additional evidentiary circumstances, any indefiniteness and uncertainty in the identification testimony goes to its weight.

*Commonwealth v. Kinney*, 157 A.3d 968, 971 (Pa.Super. 2017) (citations omitted).

An argument that the finder of fact should have credited one witness' testimony over that of another witness generally challenges the weight of the evidence, not the sufficiency of the evidence. *Commonwealth v. W.H.M.*, 932 A.2d 155, 160 (Pa.Super. 2007) (explaining claim that jury should have believed appellant's version of events rather than that of victim goes to weight, not sufficiency of evidence); *Commonwealth v. Wilson*, 825 A.2d 710, 713-14 (Pa.Super. 2003) (explaining sufficiency of evidence review does not include assessment of credibility, which is more properly characterized as challenge to weight of evidence); *Commonwealth v. Gaskins*, 692 A.2d 224, 227 (Pa.Super. 1997) (stating credibility determinations are made by finder of fact and challenges to those determinations go to weight, not sufficiency of evidence). Further, "any uncertainty in an eyewitness's identification of a defendant is a question of the weight of the evidence, not its sufficiency." *Commonwealth v. Cain*, 906 A.2d 1242, 1245 (Pa.Super. 2006) (citation omitted).

Our Supreme Court has held that an "appellant's challenge to the

sufficiency of the evidence must fail[,]" where an appellant phrases an issue as a challenge to the sufficiency of the evidence, but the argument that appellant provides goes to the weight of the evidence. ***Commonwealth v. Small***, 559 Pa. 423, 434, 741 A.2d 666, 672 (1999). ***See also Commonwealth v. Widmer***, 560 Pa. 308, 318-320, 744 A.2d 745, 751-752 (2000) (explaining differences between challenge to weight of evidence versus sufficiency of evidence; distinction is critical; evidence is sufficient to support verdict when it establishes each material element of crime charged and commission of crime by accused beyond reasonable doubt; remedy for successful challenge to sufficiency of evidence is judgment of acquittal; challenge to weight of evidence concedes there is sufficient evidence to sustain verdict; remedy for successful challenge to weight of evidence is new trial).

Instantly, Appellant's underlying claim is that Mr. Showers' testimony was unbelievable because it was physically impossible for him to have seen who drove the Nissan, and because Mr. Showers' testimony conflicted with Appellant's own testimony. Notwithstanding the phrasing of Appellant's challenge as attacking the sufficiency of the evidence, Appellant's claim is more properly construed as a challenge to the weight of the evidence. ***See Wilson, supra***; ***Gaskins, supra***.

With respect to challenges to the weight of the evidence:

> The finder of fact is the exclusive judge of the weight of the evidence as the fact finder is free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses. As an appellate court, we cannot substitute

our judgment for that of the finder of fact. Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. Our appellate courts have repeatedly emphasized that one of the least assailable reasons for granting or denying a new trial is the [trial] court's conviction that the verdict was or was not against the weight of the evidence.

***Commonwealth v. Rabold***, 920 A.2d 857, 860 (Pa.Super. 2007), *aff'd*, 597 Pa. 344, 951 A.2d 329 (2008) (internal citations and quotation marks omitted).

Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Champney***, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (internal citations omitted).

Here, the court stated that it did not find Appellant's trial testimony credible. (***See*** N.T. Sentencing, 9/29/20, at 5-7). By contrast, the court found Mr. Showers' testimony credible, and that Mr. Showers was able to identify Appellant as the person driving the black Nissan at the time of the collision. (***See*** N.T. Trial at 36). We will not disturb the trial court's credibility findings. ***See Rabold, supra***. Further, the trial court already considered Appellant's weight challenge in the post-sentence motion and concluded that Appellant was not entitled to relief on this claim. We see no reason to disrupt

the court's decision to deny Appellant's weight claim. **See Champney, supra**.

Moreover, even if Appellant's issue on appeal implicates the sufficiency and not the weight of the evidence, the court explained its reasons for concluding sufficient evidence existed to establish Appellant's identification as the driver:

> And the issue that he was not the driver becomes the key question in the case. And in that regard, Mr. Showers' testimony was that almost an eyewitness, essentially an eyewitness at the time, his testimony was that there was only one person in the car, and that it was [Appellant], is pretty clear, and the immediacy that this occurred all at one time. [Mr. Showers'] testimony about this event is unusual since we don't usually have an eyewitness like this that sees the event occur.
>
> And I find his testimony to be very convincing. And it becomes the basis for finding that the [c]ourt would have to conclude that [it is] convinced beyond a reasonable doubt that [Appellant] was the operator of the vehicle and that he was impaired at the time.

(N.T Trial at 36).

Our review of the record shows that Mr. Showers was working nearby when he heard an initial crash. (**See id.** at 4). Immediately after hearing the crash, he saw an airborne car with Appellant in the driver's seat. (**Id.** at 5). Within seconds of witnessing the accident, Mr. Showers approached the car and observed Appellant as the sole occupant of the vehicle, still sitting in the driver's seat. (**Id.** at 10). As evident by the record, Mr. Showers had opportunity to view Appellant driving the car during the accident and sitting

in the driver's seat immediately thereafter. **See Valentine, supra**. Based on the foregoing, we agree with the court that the evidence was sufficient to establish Appellant's identity beyond a reasonable doubt. **See Kinney, supra**. Viewed in the light most favorable to the Commonwealth as verdict-winner, the evidence was sufficient to sustain Appellant's convictions. **See Jackson, supra**. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/4/2022