J-S24039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DARRIUS DOWLING | : | |
| | : | |
| Appellant | : | No. 6 MDA 2023 |

Appeal from the Judgment of Sentence Entered December 20, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0000449-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DARRIUS D. DOWLING | : | |
| | : | |
| Appellant | : | No. 11 MDA 2023 |

Appeal from the Judgment of Sentence Entered December 20, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0001850-2022

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED: AUGUST 1, 2023**

In these consolidated appeals,[1] Darrius Dowling appeals from the

December 20, 2022 judgment of sentence ordering him to serve one year of

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The appeals in this matter were **_sua sponte_** consolidated by this Court on
February 2, 2023.  **_See Per Curiam_** order, 2/2/23.

probation and to pay $3,185.41 in restitution and $75 in fines. This sentence was imposed after Appellant was found guilty in a bench trial of accidents involving damage to attended vehicle or property, duty to give information and render aid, possession of a small amount of marijuana, and possession of drug paraphernalia.[2] Contemporaneously with this appeal, Spencer H.C. Bradley, Esq. (hereinafter, "Counsel"), has filed a brief and petition to withdraw in accordance with **Anders v. California**, 386 U.S. 738 (1967), **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), and its progeny. After careful review, we grant Counsel's petition to withdraw and affirm the judgement of sentence.[3]

The relevant facts and procedural history of this case, as gleaned from the certified record, are as follows: On December 2, 2021, Appellant was charged at docket no. CP-22-CR-0000449-2022 with accidents involving damage to attended vehicle or property and duty to give information and render aid. At docket no. CP-22-CR-0001850-2022, Appellant was charged with possession of a small amount of marijuana and possession of drug paraphernalia. These charges stemmed from Appellant's involvement in a December 1, 2021 hit and run accident with another vehicle in the parking lot

_____

[2] 75 Pa.C.S.A. § 3743(a), § 3744(a), 35 P.S. § 780-113(31) and § 780-113(32), respectively.

[3] The Commonwealth has indicated that it will not be filing an appellate brief in this matter and agrees with Counsel that Appellant's appeal is frivolous.

of Weis Market in Susquehanna Township, Pennsylvania. Notes of testimony, 12/20/22 at 5-7. Upon locating Appellant's vehicle, responding officers discovered remnants of marijuana blunts on the vehicle's dashboard totaling less than 30 grams. *Id.* at 16-19. As a result of the collision, the victim's vehicle sustained extensive damage to the driver side door, tires, and rod which resulted in $3,185.41 in repairs. *Id.* at 6, 9, 35.

The Commonwealth sought joinder of these two cases for trial. On December 20, 2022, Appellant waived his right to a jury and appeared for a bench trial before the Honorable Deborah E. Curcillo. Following a one-day trial, Appellant was found guilty of accidents involving damage to attended vehicle or property, duty to give information and render aid, possession of a small amount of marijuana, and possession of drug paraphernalia. That same day, Appellant was sentenced to serve one year of probation and to pay $3,185.41 in restitution and $75 in fines.

On December 28, 2022, Appellant filed a timely notice of appeal.[4] On December 30, 2022, the trial court ordered Appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). On January 12, 2023, Counsel entered his appearance on behalf on Appellant. Following an extension, Counsel filed statement of intent to file an

---

[4] Appellant was represented by Jason M. Jeffries, Esq. at the time he filed his appeal.

***Anders*** brief on February 13, 2023.[5] On March 8, 2023, the trial court filed a statement in lieu of Rule 1925(a) opinion. Thereafter, on April 24, 2023, Counsel filed an ***Anders*** brief and a petition to withdraw. Appellant has not responded to Counsel's petition to withdraw.

As a preliminary matter, to withdraw under ***Anders***, counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous." ***Commonwealth v. Martuscelli***, 54 A.3d 940, 947 (Pa.Super. 2012), quoting ***Santiago***, 978 A.2d at 361. Second, counsel must file an ***Anders*** brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

With respect to the briefing requirements, "[n]either ***Anders*** nor ***McClendon*** requires that counsel's brief provide an argument of any sort, let

---

[5] Counsel incorrectly styled his statement of intent to file an ***Anders*** brief as a "concise statement of matters complained of on appeal." ***See*** Pa.R.A.P 1925(c)(4).

alone the type of argument that counsel develops in a merits brief. [W]hat the brief must provide under *Anders* are references to anything in the record that might arguably support the appeal." *Santiago*, 978 A.2d at 359-360.

Finally, counsel must furnish a copy of the *Anders* brief to his client and "advise[] him of his right to retain new counsel, proceed *pro se* or raise any additional points that he deems worthy of the court's attention, and attach[] to the *Anders* petition a copy of the letter sent to the client." *Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa.Super. 2010) (citation omitted). "[If] counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa.Super. 2007) (*en banc*) (quotation marks and quotation omitted).

Our review of Counsel's petition to withdraw, supporting documentation, and his *Anders* brief reveals that he has substantially complied with all of the foregoing requirements. We note that Counsel also furnished a copy of the brief to Appellant, advised him of his right to retain new counsel, proceed *pro se*, and/or raise any additional points that he deems worthy of this Court's attention. The letter properly advised Appellant of his rights under *Commonwealth v. Millisock*, 873 A.2d 748, 751-752 (Pa.Super. 2005). As Counsel has complied with all of the requirements set forth above, we conclude that counsel has satisfied the procedural requirements of *Anders*

and ***Santiago***.  We, therefore, proceed to conduct an independent review to ascertain whether the appeal is wholly frivolous.  ***See Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa.Super. 2018) (***en banc***).

Counsel's ***Anders*** brief sets forth the following four issues that Appellant wishes to raise on appeal:

## A.  Joinder

Appellant first argues that the trial court abused its discretion in joining his two cases for trial.  ***Anders*** brief at 14-15.

It is well settled that the decision "[w]hether to join or sever offenses for trial is within the trial court's discretion and will not be reversed on appeal absent a manifest abuse thereof, or prejudice and clear injustice to the defendant." ***Commonwealth v. Johnson***, 236 A.3d 1141, 1150 (Pa.Super. 2020) (citation omitted), ***appeal denied***, 242 A.3d 304 (Pa. 2020).

Pennsylvania Rule of Criminal Procedure 582 governs of the joinder of separate indictments or criminal informations for trial and provides, in relevant part, as follows:

> **(A)  Standards**
>
> (1)  Offenses charged in separate indictments or informations may be tried together if:
>
> >  (a)  the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or

> > (b)  the offenses charged are based on the same act or transaction.

Pa.R.Crim.P. 582(A)(1)(a)-(b).

Instantly, the trial court elected to consolidate the charges set forth in CP-22-CR-0000449-2022 and CP-22-CR-0001850-2022 for Appellant's bench trial, as they were based on the same act or transaction. We conclude that this decision was fully within the discretion of the trial court and Appellant was not prejudiced and did not suffer clear injustice as a result of the consolidation. Appellant's claim to the contrary is wholly frivolous.

## B.  Sufficiency & Weight of the Evidence

Appellant next argues that there was insufficient evidence to sustain his convictions for the aforementioned offenses because the testimony presented at trial failed to establish that he was the driver of the vehicle in question. *Anders* brief at 16-22. Though couched in terms of both sufficiency and weight, Appellant's claim challenging his identification as the driver of the vehicle is more properly construed as a challenge to the weight of the evidence. *See Commonwealth v. Cain*, 906 A.2d 1242, 1245 (Pa.Super. 2006) (stating, "any uncertainty in an eyewitness's identification of a defendant is a question of the weight of the evidence, not its sufficiency"), *appeal denied*, 916 A.2d 1101 (Pa. 2007); *Commonwealth v. Wilson*, 825 A.2d 710, 713-714 (Pa.Super. 2003) (explaining sufficiency of evidence

review does not include assessment of credibility, which is more properly characterized as challenge to weight of evidence).

Here, the record reflects that the victim, Janetta King, identified Appellant in court as the driver of the BMW that struck her automobile on the day in question. Notes of testimony, 12/20/22 at 7. King also identified Appellant as the individual in a photograph of the BMW's operator that responding Police Officer Benjamin Gainer obtained from Weis Market following the accident. ***Id.*** at 11, 15. Officer Benjamin's subsequent investigation determined that Appellant was the registered owner of this BMW, which was found abandoned across the street from the accident scene. ***Id.*** at 17-18. Appellant, on the contrary, presented testimony that he was in Pottstown, Pennsylvania, on the day of the accident, quarantined with Covid-19 with his girlfriend, Brittany Johnston. ***Id.*** at 22, 29-30.

This Court has recognized that "a true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." ***Commonwealth v. Miller***, 172 A.3d 632, 643 (Pa.Super. 2017) (citation omitted), ***appeal denied***, 183 A.3d 970 (Pa. 2018). "An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court." ***Commonwealth v. Galvin***, 985 A.2d 783, 793 (Pa. 2009) (citation omitted), ***cert. denied***, 559 U.S. 1051 (2010).

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate

court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained[,] [t]he term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (citations and emphasis omitted).

Upon review, we find that Appellant's claim that the verdict was against the weight of the evidence must fail. "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Commonwealth v. Andrulewicz*, 911 A.2d 162, 165 (Pa.Super. 2006) (citation omitted), *appeal denied*, 926 A.2d 972 (Pa. 2007).

Here, the trial judge, sitting as factfinder, clearly found the identification testimony of King and Officer Gainer credible, and elected not to believe Appellant's version of the events. We are precluded from reweighing the evidence and substituting our judgment for that of the factfinder. ***Clay***, 64 A.3d at 1055. Accordingly, we conclude that Appellant's weight claim is wholly frivolous.

## C. Discretionary Aspects of Sentencing

Appellant next argues that his sentence one year of probation was excessive and unreasonable. ***Anders*** brief at 23-24.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa.Super. 2014) (citation omitted), ***appeal denied***, 117 A.3d 297 (Pa. 2015). Appellant must "establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Commonwealth v. Bullock***, 170 A.3d 1109, 1123 (Pa.Super. 2017) (citation omitted), ***appeal denied***, 184 A.3d 944 (Pa. 2018).

Where an appellant challenges the discretionary aspects of his sentence, as is the case here, the right to appellate review is not absolute. ***Commonwealth v. Conte***, 198 A.3d 1169, 1173 (Pa.Super. 2018), ***appeal denied***, 206 A.3d 1029 (Pa. 2019). On the contrary, an appellant challenging

the discretionary aspects of his sentence must invoke this court's jurisdiction by satisfying the following four-part test:

> (1) whether the appeal is timely; (2) whether appellant preserved his issue; (3) whether appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa.Super. 2013) (citations omitted).

Instantly, the record reveals that although Appellant filed a timely notice of appeal, he failed to include a statement in his brief that comports with the requirements of Pa.R.A.P. 2119(f), nor filed a post-sentence motion preserving his sentencing claims. Nevertheless, *Anders* requires this court to review issues otherwise waived on appeal. *Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa.Super. 2009). Accordingly, we must now determine whether Appellant has raised a substantial question.

Instantly, the trial court sentenced Appellant to an aggregate term of one year of probation, which was well within the standard range of the Sentencing Guidelines. 204 Pa.Code. § 303.16(a). This Court has long recognized that "[a] bald or generic assertion that a sentence is excessive does not, by itself, raise a substantial question justifying this Court's review of the merits of the underlying claim." *Commonwealth v. Christine*, 78 A.3d 1, 10 (Pa.Super. 2013) (citation omitted), *affirmed*, 125 A.3d 394 (Pa.

- 11 -

2015). Additionally, "a claim of excessiveness that is raised against a sentence within the statutory limits fails to raise a substantial question as a matter of law." *Commonwealth v. Mouzon*, 812 A.2d 617, 623 (Pa. 2002).

Accordingly, we find that Appellant has failed to raise a substantial question for our review and his first discretionary sentencing claim is wholly frivolous.

## D. Restitution

Appellant next argues that the trial court abused its discretion in ordering him to pay $3,185.41 in restitution to the victim. *Anders* brief at 24-25.

"[I]ssues concerning amount of restitution implicate the discretionary aspects of a defendant's sentence." *Commonwealth v. Solomon*, 247 A.3d 1163, 1167 (2021) (citation omitted), *appeal denied*, 274 A.3d 1221 (Pa. 2022). It is well settled in this Commonwealth that a trial court will have been found to have abused its discretion if it "order[ed] speculative or excessive restitution or enter[ed] a restitution award not supported by the record." *Id.* at 1168 (citations omitted).

Here, the record reflects that the victim testified that she had to have her vehicle repaired as a result of the accident which cost $3,185.41, and Appellant's counsel had full opportunity to cross-examine her. Notes of testimony, 12/20/22 at 9, 35. Based on the foregoing, we find that Appellant's challenge to the restitution amount is wholly frivolous.

Finally, our independent review of the entire record, as required pursuant to **Anders**, reveals no additional non-frivolous claims. **Yorgey**, 188 A.3d at 1195. Accordingly, we grant Counsel's petition to withdraw and affirm Appellant's December 20, 2022 judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/03/2023