J-A06001-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRYAN MARTINEZ | : | |
| | : | |
| Appellant | : | No. 1232 EDA 2024 |

Appeal from the Judgment of Sentence Entered March 15, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005800-2022

BEFORE: PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.: **FILED MARCH 21, 2025**

Bryan Martinez appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas on March 15, 2024, following his convictions for third-degree murder, criminal conspiracy, and possessing an instrument of crime ("PIC"). On appeal, Martinez challenges the sufficiency and weight of the identification evidence supporting his convictions. We affirm.

The trial court summarized the factual history, as supported by the record, as follows:

> Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, in broad daylight on Sunday, July 4, 2021, at approximately 6:47 p.m., [Martinez] and Carmello Ocasio pull[ed] up to the area of E and Lippincott Streets in Philadelphia in a grey Honda Civic with the Pennsylvania License plate LLB-1969. [] Martinez was wearing a greenish hoodie, covid mask, dark pants[,] white socks and black sneakers, and Ocasio

_____

[*] Former Justice specially assigned to the Superior Court.

was clad in a black hoodie bearing the logo "Trap Zone", brown tinted glasses, covid mask, dark pants and white sneakers. The two occupants exit the vehicle and headed north towards Allegheny Avenue. Mr. Justin Arquinzoni and two other individuals are sitting and talking in front of 3320 H Street, when Ocasio and Martinez approach from Westmoreland Street. Arquinzoni sees them approach and gets up, walking toward the street whereupon these two follow him, pull out handguns, chasing and shooting at Arquinzoni. When the victim falls between two parked cars, Ocasio stands over him, shooting the decedent several times. Despite this, Arquinzoni gets up running to Thayer Street, where he collapses. Ocasio, after yet again chasing the victim, continues to the eight hundred block of East Ontario Street, then to F Street. [Martinez] runs back to the eight hundred block of East Westmoreland Street, heading towards F Street, where Martinez takes off his covid mask, then crosses Allegheny towards Clearfield Street. Another camera then picks up the unmasked two offenders, with [Martinez] carrying his greenish hoodie. That camera picks up the offenders re-enacting the murder and coming out onto E Street at 6:52 p.m., then briefly hanging out with a group of males. Both then place something in the back of a reddish Dodge and at 6:57 re-enter the grey Honda Civic and leave the area travelling north on E street towards Allegheny Avenue.

[] Martinez was identified in the video by his parole agent, who had met with him in person approximately ten times and who immediately recognized [Martinez]. The grey Honda Civic was traced to Christian Serrano registered at 4736 Whitaker Street, but who, through other inquiries was found to live or frequent 544 West Luray Street. Additionally, police officer Gorman immediately identified Martinez in the videos, having had numerous contacts with him while on patrol — almost daily.

Trial Court Opinion, 6/12/2024, at 2-3 (citations and footnotes omitted).

Martinez was arrested and charged with murder, conspiracy, PIC, violations of the Uniform Firearms Act[1], and other related charges.

_____

[1] 18 Pa.C.S.A. §§ 6101-6127.

On January 3, 2024, following a bench trial, the court found Martinez guilty of third-degree murder, criminal conspiracy, and PIC. He was acquitted of the remaining charges. Sentencing was deferred for preparation of a pre-sentence investigation report. In the meantime, Martinez filed a post-verdict motion for judgment of acquittal. In the motion, Martinez argued the evidence was insufficient to establish Martinez as a perpetrator, because his identification was made from a portion of the surveillance video occurring several minutes after the shooting, in which Martinez is not depicted engaged in any criminal activity, and is seen holding what appears to be a light colored item of clothing, instead of the greenish-colored long sleeve top depicted as worn during footage of the shooting.

On March 15, 2024, prior to sentencing, counsel for Martinez raised an oral motion for extraordinary relief based on the post-verdict motion for judgment of acquittal. After hearing argument, the court denied the motion. The court then sentenced Martinez to an aggregate term of 12 to 40 years' incarceration, followed by 5 years' probation. Martinez filed a post-sentence motion, again challenging the sufficiency and weight of his identification evidence, which was denied. This timely appeal followed.

In his first issue on appeal, Martinez challenges the sufficiency of the evidence supporting his convictions. Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable

inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. *See Commonwealth v. Dale*, 836 A.2d 150, 152 (Pa. Super. 2003). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Bruce*, 916 A.2d 657, 661 (Pa. Super. 2007) (citation omitted).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Id*. (citation omitted). "As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." *Commonwealth v. Kinney*, 863 A.2d 581, 584 (Pa. Super. 2004) (citation omitted). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Bruce*, 916 A.2d at 661 (citation omitted). "Furthermore, a mere conflict in the testimony of the witnesses does not render the evidence insufficient because it is within the province of the fact finder to determine the weight to be given to the testimony and to believe all, part, or none of the evidence." *Commonwealth v. Baskerville*, 681 A.2d 195, 200 (Pa. Super. 1996) (citation and internal quotation marks omitted).

Here, Martinez's claim relates solely to the sufficiency of the Commonwealth's identification evidence. Accordingly, we limit our discussion

to the evidence for that element. **See Commonwealth v. Cain**, 906 A.2d 1242, 1244 (Pa. Super. 2006) (declining to address the sufficiency of the evidence supporting every element of an offense where the appellant raises a claim relating to one specific element); **see also Commonwealth v. Smyser**, 195 A.3d 912, 915 (Pa. Super. 2018) ("In addition to proving the statutory elements of the crimes charged beyond a reasonable doubt, the Commonwealth must also establish the identity of the defendant as the perpetrator of the crimes") (citation omitted).

> [E]vidence of identification need not be positive and certain to sustain a conviction. Although common items of clothing and general physical characteristics are usually insufficient to support a conviction, such evidence can be used as other circumstances to establish the identity of a perpetrator. Out-of-court identifications are relevant to our review of sufficiency of the evidence claims, particularly when they are given without hesitation shortly after the crime while memories were fresh. Given additional evidentiary circumstances, any indefiniteness and uncertainty in the identification testimony goes to its weight.

**Commonwealth v. Orr**, 38 A.3d 868, 874 (Pa. Super. 2011) (*en banc*) (citations and quotation marks omitted).

Preliminarily, we note Martinez's argument is no more than undeveloped assertions. **See Lackner v. Glosser**, 892 A.2d 21, 29 (Pa. Super. 2006) ("[A]rguments which are not appropriately developed are waived.") (citation omitted). This Court has held, "it is an appellant's duty to present arguments that are sufficiently developed for our review. ... The brief must support the claims with pertinent discussion, with references to the record and with

citations to legal authorities." ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) (citations omitted).

Martinez failed to develop a meaningful argument, or provide citations to any legal authority, in support of this claim. ***See*** Appellant's Brief at 10-14 (setting forth his first issue with no citations to any legal authority or to the record, save for a few timestamps from the video footage; further, attributing half of the space dedicated to argument on the first issue to blurry stills from the video footage). Accordingly, we find Martinez has waived this claim. ***See Commonwealth v. Ramsden***, 94 A.3d 1080, 1088–89 (Pa. Super. 2014) (finding claims waived for failure to develop argument and lack of supporting authority); ***see also*** Pa.R.A.P. 2119(a) (stating that the argument shall include "such discussion and citation of authorities as are deemed pertinent.").

Notwithstanding Martinez's waiver of his first issue, we would deem it meritless. Martinez makes a limited argument that the Commonwealth failed to prove that he committed the crimes because the identifications of him in the video footage occurred after the shooting took place. Further, Martinez asserts the individual identified as him minutes after the shooting has "substantial difference in appearance" from both the driver of the grey Civic and the shooter. ***See*** Appellant's Brief, at 13-14.

Martinez appears to take issue with the quality of the video from which his identification was made, and also with the alleged change in appearance, i.e. clothing worn, at the time of his identification.

Here, both Agent Blaszczyk and Officer Gorman testified that they recognized Martinez from the video compilation immediately, based on numerous previous interactions with Martinez. Notably, Martinez has not argued that either individual was not sufficiently familiar with him in order to permit them to identify Martinez on the surveillance video. Whether their identifications were credible was for the fact-finder.

The trial court, as the finder of fact, heard extensive testimony regarding the manner by which Martinez was identified, reviewed the surveillance video compilation, and heard thorough arguments surrounding the issue of identification. Accordingly, the trial court was able to draw its own conclusion regarding the identifications.

Having viewed the entire surveillance video, any discrepancy between the actual color of clothing items could be readily distinguished by the trial court. Further, Martinez makes much of the fact that the identifications occurred on a portion of the surveillance footage after the shooting occurred. However, Martinez ignores the fact that the surveillance footage was a compilation of footage from different vantage points surrounding the area of the shooting, before, during, and after the shooting. The surveillance footage follows the chain of events, specifically following the two suspects at issue. Accordingly, Martinez's identification was not made in a vacuum, at some random time totally separate from the incident at issue. The individual identified as Martinez is noted in each portion of the chain of events caught

by the surveillance cameras. Whether or not a clothing item was dark green or light green, is frankly not a deciding factor here, where the court had the opportunity to watch the whole video and determined that the individual identified as Martinez is the same person seen throughout the video compilation, including during the shooting. Therefore, Martinez's sufficiency claim fails.

In his final issue, Martinez again challenges his identification as one of the perpetrators–this time, in a weight of the evidence claim. Martinez reiterates his sufficiency claim but argues in the alternative that the verdicts are shocking to one's sense of justice and therefore warrant a new trial. **See** Appellant's Brief, at 14. Martinez takes issue with the fact that the Commonwealth did not offer any corroborating evidence other than the surveillance video. Accordingly, he contends, the only evidence offered was Agent Blaszczyk and Officer Gorman's identification testimony specific to a portion of the video footage which depicted non-criminal activity.

Preliminarily, we note Martinez properly preserved his weight claim in a timely filed post-sentence motion. **See** Pa.R.Crim.P. 607(A)(1)-(3) (challenge to weight of the evidence must be raised before trial court); Appellant's Post-Sentence Motion, 3/22/24, at 3. We note that:

> [t]he finder of fact is the exclusive judge of the weight of the evidence as the fact finder is free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses.

As an appellate court we cannot substitute our judgment for that of the finder of fact. Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's verdict, at the time of its rendition, causes the trial judge to lose his breach, temporarily and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience."

Furthermore, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Boyd*, 73 A.3d 1269, 1274–75 (Pa. Super. 2013) (citation omitted).

In making his argument in support of a weight claim, Martinez "respectfully implores this Honorable Court to carefully review the video footage, examine the stills taken from said footage, and render its own conclusions." Appellant's Brief, at 16. Martinez has misinterpreted our standard of review, as we may not reweigh the trial court's credibility determinations, and we cannot substitute our judgment for that of the factfinder. *See Commonwealth v. Talbert*, 129 A.3d 536, 546 (Pa. Super. 2015). We do not review challenges to the weight of the evidence *de novo* on appeal. *See Commonwealth v. Rivera*, 983 A.2d 1211, 1225 (Pa. 2009). Rather, we only review the trial court's exercise of its discretionary judgment regarding the weight of the evidence presented at trial. *See id*.

Here, the trial court considered and rejected Martinez's contention that his convictions were against the weight of the evidence, stating "the evidence in this case was compelling and substantial, and strongly supported the verdict." Trial Court Opinion. at 11.

Based on our review of the record, we can find no basis to disagree with the trial court's evaluation of the evidence before it. Again, both Agent Blaszczyk and Officer Gorman positively identified Martinez as one of the perpetrators. The trial court was able to view the surveillance video and assess the reliability of both witnesses' identifications. We agree with the trial court's determination that the "verdict was not so contrary to the evidence as to shock one's sense of justice", *id.*, and, therefore, Martinez's challenge to the weight of the evidence fails.

Judgment of sentence affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 3/21/2025

- 10 -